**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TOUSSAINT DENT,

        Plaintiff,

v.                No. 04-CV-1438
                 (FJS/DRH)

MARVIN RABINOWITZ, Dr., Mid-State
Correctional Facility; SUBBARAO RAMINENI,
Health Service Director, Mid-State Correctional
Facility; and LESTER WRIGHT, Commissioner
of Health Services,

        Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| TOUSSAINT DENT | |
| No. 02-A-6252 | |
| Plaintiff Pro Se | |
| Mid-State Correctional Facility | |
| Post Office Box 2500 | |
| Marcy, New York 13403 | |
| | |
| HON. ELIOT SPITZER | SENTA B. SIUDA, ESQ. |
| Attorney General for the | Assistant Attorney General |
|  State of New York | |
| Attorney for Defendants | |
| 615 Erie Boulevard West | |
| Suite 102 | |
| Syracuse, New York 13204-2455 | |
| | |
| LEGAL AID SOCIETY | MILTON ZELERMYER, ESQ. |
| Amicus Curiae | Staff Attorney |
| 199 Water Street | |
| 6th Floor | |
| New York, New York 10038 | |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Toussaint Dent ("Dent"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983.  Dent contends that the defendants, three DOCS employees, violated his constitutional rights under the Eighth Amendment. Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 13.  Dent opposes the motion.  Docket No. 16.  For the reasons which follow, it is recommended that defendants' motion be granted unless Dent files an amended complaint on or before **March 1, 2006**.

**I. Background**

The facts as alleged in the complaint are assumed to be true for the purposes of this motion.  See subsection II(A) infra.

At all relevant times, Dent was incarcerated at Mid-State Correctional Facility ("Mid-State").  On September 9, 2004, Dent was denied his medication after refusing to have his blood tested.  Compl. at 6.  The next day, Dent requested his medication, which was denied per order of defendant Rabinowitz.  Id.  On September 11, 2004, Dent was again denied his medication and was told that further attempts to request his medication would result in disciplinary action.  Id.  Dent filed a grievance regarding the termination of his medication, but it was denied.  Id. at 7.  This action followed.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

## II. Discussion

Dent asserts one cause of action against all defendants alleging that defendants improperly denied him his medication for four months. Defendants seek dismissal of the claim.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

### B. Medical Care

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway,

37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66. Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Chance, 143 F.3d at 702. Prison officials "who actually knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, and the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702. Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Allegations of malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

4

Here, Dent alleges that by denying him his medication, defendants were deliberately indifferent to his medical needs which "caused [Dent] a great deal of stress" and he now must "take anti-depressants due to the mental stress." Compl. at 8.  However, Dent's complaint fails to allege a serious medical need to which defendants were deliberately indifferent.  Although Dent alleges that he was deprived of his medication for four months, he fails to specify any serious medical condition that would be adversely affected by denying him his medication.  Thus, Dent fails to allege that the denial of his medication resulted in a serious medical condition or that any defendant acted with deliberate indifference to a serious medical need.  Therefore, defendants' motion on this ground should be granted.

However, when a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

As discussed supra, Dent fails to plead an Eighth Amendment violation.  However, the Second Circuit has cautioned that "when addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir.

5

1991)). Here, a liberal reading of the complaint and the submission of the amicus curiae (Docket No. 17) indicate that Dent may be able to state a valid Eighth Amendment claim. The amicus curiae asks that the Court consider Dent's affidavit as to his medical condition in conjunction with the complaint. However, given Dent's concern as expressed by the amicus curiae, that concern may be satisfactorily addressed by other steps which do not undermine the need for pleadings which contain the parties' allegations without reference to other documents. See, e.g., R.T. v. Gross, 298 F. Supp. 2d 289 (N.D.N.Y. 2003) (state prisoner suing prison authorities for deliberate indifference to his medical condition and proceeding using only his initials); Doe v. Marsh, 918 F. Supp. 580 (N.D.N.Y. 1996) (individuals suing state officials used pseudonyms to protect against disclosure of their medical conditions); see also N.D.N.Y.L.R. 8.1. Therefore, given the availability of such alternate procedures, no sufficient reason appears to depart from the normal requirement that all material allegations be set forth in the pleadings themselves.

Therefore, because Dent's complaint fails at present to allege a valid Eighth Amendment claim, it is recommended that unless Dent files an amended complaint on or before **March 1, 2006**, this action will be dismissed.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 13) be **GRANTED** unless Dent files an amended complaint on or before **March 1, 2006**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 31, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge