UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOUSSAINT DENT,

                                        Plaintiff,

          v.                                                        No. 04-CV-1438
                                                                    (FJS/DRH)

MARVIN RABINOWITZ, Dr., Mid-State
Correctional Facility; SUBBARAO RAMINENI,
Health Service Director, Mid-State Correctional
Facility; and LESTER WRIGHT, Commissioner
of Health Services,

                                        Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

TOUSSAINT DENT
Plaintiff Pro Se
575 East 168th Street
Apartment 5
Bronx, New York 10456

HON. ANDREW M. CUOMO                          SENTA B. SIUDA, ESQ.
Attorney General for the                      Assistant Attorney General
   State of New York
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff pro se Toussaint Dent ("Dent"), formerly an inmate in the custody of the New

York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983.  Dent contends that the defendants, three DOCS employees, violated his

---

   [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights under the Eighth Amendment.  Am. Compl. (Docket No. 22).  Presently

pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 8 and 10.  Docket No.

27.  Dent opposes the motion.  Docket No. 31.  For the reasons which follow, it is

recommended that defendants' motion be denied.

## I.  Background

The facts as alleged in the amended complaint are assumed to be true for the purposes

of this motion.  See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (holding that

when considering a motion to dismiss, "[a] court must accept the allegations contained in

the complaint as true, and draw all reasonable inferences in favor of the non-movant.").

On August 9, 2004 while incarcerated at Mid-State Correctional Facility, Dent was

denied his medication after refusing to have his blood tested.  Am. Compl. at 1.  Shortly

thereafter, Dent again requested his medication but was denied it by the order of defendant

Rabinowitz, a physician.  Id. at 1-2.  Dent continued to request his medication but was told

that further attempts to request his medication would result in disciplinary action.  Id. at 2.

Dent filed a grievance regarding the termination of his medication, but it was denied.  Id.

On December 13, 2004, Dent filed this action.  See Compl. (Docket No. 1).

On August 15, 2005, defendants moved to dismiss Dent's original complaint pursuant

to Fed. R. Civ. P. 12(b)(6).  Docket No. 13.  By order dated January 31, 2006, this Court

granted defendants' motion unless Dent filed an amended complaint on or before March 1,

2006.  Docket No. 20 at 6-7.  On February 21, 2006, Dent filed an amended complaint.

Docket No. 22.  However, defendants now move to dismiss pursuant to Fed. R. Civ. P. 8 &

10 or, in the alternative, for Dent to provide defendants a more definite statement of his

claims.  Docket No. 27.

## II. Discussion

Dent asserts one cause of action against all defendants alleging that defendants were deliberately indifferent to his serious medical needs.

Fed. R. Civ. P. 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Salahuddin v. Cuomo, 861 F.2d 40, 41-42 (2d Cir. 1988).  The Second Circuit explained that:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.  The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'

Salahuddin, 861 F.2d at 42 (internal citations omitted).  When the complaint fails to comply with Rule 8, a court may dismiss the complaint or strike those portions that are redundant or immaterial.  See Foreman v. Goord, No. Civ. 02-7089(SAS), 2004 WL 385114, at *4 (S.D.N.Y. Mar. 2, 2004) (citing Fed. R. Civ. P. 12(f)).  However, the Second Circuit has cautioned against dismissing a complaint for failure to comply with Rule 8, instead reserving dismissal "for those cases in which the compliant is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Salahuddin, 861 F.2d at 42.  Further, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Triestman v. Fed. Bureau of Prisons, 470 F.3d

3

471, 477 (2d Cir. 2006).

Here, defendants contend that Dent's amended complaint is "a series of disorganized allegations continuing for seven (7) pages." Docket No. 27 at 2. However, liberally construed, Dent's amended complaint "is neither vague nor incomprehensible, and it clearly pleads at least some claims that cannot be termed frivolous on their face." Salahuddin, 861 F.2d at 43. Dent's amended complaint is only seven pages long, legible, and clearly provides defendants meaningful notice of Dent's Eighth Amendment deliberate indifference to serious medical needs claim. See Am. Compl. at 1.

Further, defendants contend that Dent's amended complaint fails to comply with Fed. R. Civ. P. 10(b), which requires all claims to be made in numbered paragraphs. However, Dent's "failure to number his paragraphs amounts to nothing more than a technical but harmless violation of the Federal Rules, and thus, absent any prejudice to Defendants, is an improper basis for dismissal." Linares v. Mahunik, No. Civ. 05-625(GLS/RFT), 2006 WL 2595200, at *5 (N.D.N.Y. Sept. 11, 2006) (citing Phillips v. Gidrich, 408 F.3d 124, 125, 128 (2d Cir. 2005)).

Therefore, defendants' motion to dismiss pursuant to Rules 8 and 10 should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 27) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: January 9, 2007
      Albany, New York

_____
United States Magistrate Judge