UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOUSSAINT DENT,

        Plaintiff,

  v.                  No. 04-CV-1438
                          (FJS/DRH)

MARVIN RABINOWITZ, Doctor, Mid-State
Correctional Facility; SUBBARAO RAMINENI,
Health Service Director, Mid-State Correctional
Facility; and LESTER WRIGHT, Commissioner of
Health Services,

        Defendants.

---

**APPEARANCES:**        **OF COUNSEL:**

TOUSSAINT DENT
Plaintiff Pro Se
575 East 168th Street
Apartment 5
Bronx, New York 10456

HON. ANDREW M. CUOMO      SENTA B. SIUDA, ESQ.
Attorney General for the        Assistant Attorney General
 State of New York
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

  Plaintiff pro se Toussaint Dent ("Dent"), formerly an inmate in the custody of the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983.  Dent contends that the defendants, three DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 22).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  Docket No. 46.  Dent has not responded to the motion.  For the following reasons, it is recommended that defendants' motion to dismiss be granted and the action be dismissed.

## I.  Background

On August 9, 2004 while incarcerated at Mid-State Correctional Facility, Dent was denied his medication after refusing to submit to a blood test.  Am. Compl. at 1.  Shortly thereafter, Dent again requested his medication but was again denied it by the order of defendant Rabinowitz, a physician.  Id. at 1-2.  Dent continued to request his medication but was told that further requests for his medication would result in disciplinary action.  Id. at 2.  Dent filed a grievance regarding the termination of his medication, but it was denied.  Id.  On December 13, 2004, Dent filed this action.  See Compl. (Docket No. 1).

On August 15, 2005, defendants moved to dismiss Dent's original complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 13.  By order dated January 31, 2006, this Court granted defendants' motion unless Dent filed an amended complaint on or before March 1, 2006.  Docket No. 20 at 6-7.  On February 21, 2006, Dent filed an amended complaint. Docket No. 22.  Defendants again moved to dismiss pursuant to Fed. R. Civ. P. 8 & 10 or, in the alternative, for Dent to provide defendants a more definite statement of his claims.  Docket No. 27.  By order dated January 9, 2007, the motion was denied.  Docket No. 37.

2

On September 14, 2006, Dent notified the Court of a change of address to Queensboro Correctional Facility and pending change of address to the Bronx upon his release on October 6, 2006.  Docket No. 36.  Dent was in fact released from custody on October 6, 2006.  See Dep't of Correctional Servs. - Inmate Information (visited Dec. 27, 2006) <http://nysdocslookup.docs.state.ny.us/GCA00P00/wiq2/winq120>.  No additional correspondence has been received concerning his address.

Additionally, on February 26, 2007, defendants served Dent with interrogatories and a discovery request to which he did not respond.  Siuda Aff. (Docket No. 46, attachment 2) at ¶ 6-7.  Defendants contacted the Court concerning the discovery problem and a telephone conference was held with Dent and defendants' counsel on May 10, 2007.  Id. at ¶10, 12.  The Court then issued an Order directing Dent to respond to the discovery demands by June 11, 2007 and denying Dent's request for the appointment of pro bono counsel.  Docket No. 44.  To date, defendants have not received the interrogatories or documents requested from Dent.  Siuda Aff. at ¶ 14.  The conference on May 10, 2007 constitutes the last contact by Dent with either the Court or opposing counsel.

Defendants then filed the present motion.  Docket No. 46.  Dent did not respond to the motion and on October 9, 2007, the Court sua sponte granted Dent until November 13, 2007 to respond to defendants' motion and advising that his "failure . . . may result in the termination of the case in favor of the defendants . . . ."  Docket No. 49.  The Order was sent to Dent at his last given address but was returned to the Court as undeliverable.  Docket No. 50.

3

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b).  Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants must immediately notify the Court of any change of address.  "Failure to notify the Court of a change of address in accordance with [Local Rule 10.1 (b)(2)] may result in the dismissal of any pending action." Warren v. Artus, No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112, at *2 (N.D.N.Y. Mar. 30, 2007) (quoting N.D.N.Y.L.R. 41.2 (b)).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).  To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Dent has failed to communicate with opposing counsel or the Court for the past seven months. Defendants have attempted to resolve discovery issues with and without the Court's intervention to no avail. Dent has continually refused to produce the answers and documents the defendants properly requested. The duration of Dent's failure is substantial and no end to the inaction appears in sight. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Moreover, it is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. See Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.). Dent has failed in both regards.

Additionally, both the Court and defendants have attempted to warn Dent of the consequences of his inaction. Siuda Aff., Ex. B (Docket No. 46, attachment 3) (explaining that the failure of a party to serve an answer or object to interrogatories may allow the Court to dismiss the action pursuant to Fed. R. Civ. P. 37 (c)(1) and (b)(2)(C)); Docket No. 49. The Court explicitly advised Dent that his "**failure to respond to defendants' motion may result in the termination of the case in favor of the defendants . . . .**" Docket No. 49 (emphasis added). Dent was thus on notice that his continued failures would result in dismissal of the action.

The prejudice to defendants from Dent's continued failures results primarily from the need of their counsel to expend unnecessary time attempting to communicate with Dent both formally and informally to receive the answers and documents requested during discovery. Given the frequency of Dent's non-cooperation, this expenditure of time has become significant.

The need to alleviate court calendar congestion is best evidenced here by the age of this case. This case, which is not unduly complex, has now been pending for over thirty-six months. The guideline for completion of cases in this district is eighteen months. <u>See</u> N.D.N.Y. Gen. Order 25 (directing the timely progressing of civil actions); <u>see also</u> Civil Justice Reform Act of 1990, 28 U.S.C. § 471 <u>et seq</u> (mandating reduction in the delay and cost of civil cases). This action has thus been pending for an inordinate period of time solely as the result of Dent's actions and inactions. Against this delay must be balanced Dent's right to due process. Dent's right to due process has been scrupulously honored here. Dent was given repeated notifications of the potential consequences of his failure to provide defendants with information to which they are rightly entitled. Furthermore, he received an extension from the Court, <u>sua</u> <u>sponte</u>, for additional time in which to file a response to the pending motion. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Dent's repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to cooperate in discovery. Dent has been given repeated opportunities to fulfill those obligations. He has failed to do so.

Therefore, defendants' motion on this ground should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion

to dismiss ( (Docket No. 46) be **GRANTED** and that this action be **DISMISSED** in its entirety as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: December 27, 2007
      Albany, New York

*David R. Homer*
United States Magistrate Judge